IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEFFREY S. HALL and ROBERT A. COLES,<br><br>    Defendants. | CRIMINAL ACTION FILE<br><br>NO. 4:19-CR-0021-WMR-WEJ |

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant Jeffrey Hall's Motion to Dismiss Indictment [38]. On March 6, 2019, a grand jury in the Northern District of Georgia returned a one-count Indictment [1] against defendants Robert A. Coles, M.D. and Mr. Hall, charging Mr. Hall and Dr. Coles with conspiracy to possess with intent to distribute and dispense controlled substances, including, but not limited to, oxycodone and alprazolam, outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1), 846. (Indict. ¶¶ 12, 15.) Defendant Hall contends that the Indictment fails to charge an essential element and is void for vagueness. The parties have briefed the issue. (Def.'s Br. [38]; Gov't Resp. [56].) For the reasons explained below, the undersigned **RECOMMENDS** that Mr. Hall's Motion be **DENIED**.

I.    **LEGAL STANDARD**

An indictment is sufficient if it "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecutions of the same offense." United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (quotations omitted); see also United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998) ("If an indictment specifically refers to the statute on which the charge is based, the reference to the statutory language adequately informs the defendant of the charge."). "'In judging the sufficiency of the indictment, the court must look to the allegations and, taking the allegations to be true, determine whether a criminal offense has been stated.'" United States v. Plummer, 221 F.3d 1298, 1302 (11th Cir. 2000) (quoting United States v. Fitapelli, 786 F.2d 1461, 1463 (11th Cir. 1986)). The sufficiency of an indictment is determined from its face. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). Thus, if the indictment quotes the statutory language and provides a date and place for the alleged criminal activity, there is no further requirement to detail the factual proof that will be relied upon. See United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978); accord United States v. Powell, 767 F.3d 1026, 1030 (10th Cir. 2014).

"[A]n indictment is not defective simply because it fails to allege <u>mens rea</u> so long as the allegation that the crime was committed with the requisite state of mind may be inferred from other allegations in the indictment." <u>United States v. Gray</u>, 260 F.3d 1267, 1283 (11th Cir. 2001).

## II.   DISCUSSION

Mr. Hall argues that the Indictment should be dismissed because it fails to allege the requisite <u>mens rea</u>, i.e. that Mr. Hall knowingly or willfully conspired to violate 21 U.S.C. §§ 841(a)(1), 846.  (Def. Mot. to Dismiss Indictment 1-3.)  The Government contends the Indictment is sufficient.  (Gov't Resp. Br. 5-6.)

### A.   Failure to Charge an Essential Element

Here, the Indictment alleges that Mr. Hall knowingly and willfully conspired with Dr. Coles to unlawfully dispense controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846.  (Indict. ¶ 12, 15.)  The Indictment states that the defendants' conspiracy began no later than January 2012 and ended on or about March 19, 2014.  (<u>Id.</u> at ¶ 12.)  The Indictment goes on to say that Mr. Hall conspired to knowingly and willfully dispense the controlled substances "outside the usual course of professional medical practice and for no legitimate medical purpose. . ."  (<u>Id.</u>)  Under the "Purpose, Ways, Manner and Means of the Conspiracy," the Indictment lays out that Dr. Coles would prescribe controlled

3

substances outside the usual course of professional treatment to patients that made appointments at their pain clinic, and Mr. Hall would use Dr. Coles's DEA registration number to issue prescription refills. (Id. ¶¶ 13-5.) Mr. Hall and Dr. Coles did not require patients to return to their pain clinic in order to receive refills of their prescriptions for controlled substances. (Id. ¶ 15.) Instead, Mr. Hall would mail the prescriptions after patients submitted cash payments via the pain clinic's website. (Id.)

Thus, the Indictment alleges that on particular dates, Mr. Hall conspired with Dr. Coles to knowingly and intentionally distribute controlled substances not in the usual course of professional practice or for a legitimate purpose. The Indictment lays out the actions that constituted the conspiracy. These allegations are sufficient because they track the statutory language and adequately inform Mr. Hall of the charges against which he must defend. See 21 U.S.C. § 841(a)(1) ("[I]t shall be unlawful for any person knowingly and intentionally to manufacture, distribute, or dispense. . . a controlled substance."); United States v. Moore, 423 U.S. 122, 124 (1975) (recognizing that medical professionals could be prosecuted under § 841 when their activities fall outside the usual course of professional practice); 21 U.S.C. § 846 (making it a crime for anyone to conspire to violate 21 U.S.C. § 841). Moreover, the Indictment presents Mr. Hall with the specific actions that constitute

his alleged crime and puts him on notice of any possible defenses. Finally, the Indictment uses the words "knowingly" and "willfully." (Indict. ¶¶ 12, 15.) Not only does this language track the statutory language, which is all that is required under Fern and Crippen, but the use of this language sufficiently alleges that Mr. Hall acted with the requisite mens rea. See United States v. Seher, 562 F.3d 1344, 1358 (11th Cir. 2009); United States v. Woodruff, 296 F.3d 1041, 1047 (11th Cir. 2002) (where an indictment tracks language of statute, the terms of the indictment "necessarily impart an allegation of knowledge").

Therefore, the Indictment is sufficient because it tracks the statutory language, includes the mens rea language found in the statutes, and contains specific allegations that satisfy the standard enunciated in Steele.

### B. Vagueness

Mr. Hall also generally argues that the Indictment is vague because it does not state any alleged facts that would show Mr. Hall acted willfully. (Def.'s Br. 4.)

To the extent Mr. Hall argues that the Indictment does not "descend into the particulars" of the alleged crimes committed, he is mistaken. As discussed supra Part II.A., the Indictment alleges a timeframe and place that the crime occurred, a co-conspirator, and refers to the statute that Mr. Hall allegedly conspired to violate. (See generally Indict.) Thus, the Indictment is far from vague and gives notice to

Mr. Hall of what he must be prepared to defend against. Russell v. U.S., 369 U.S. 749, 765 (1962).

To the extent Mr. Hall argues the Indictment is vague because it does not state any facts from which one could surmise Mr. Hall acted willfully, he is mistaken for reasons discussed supra Part II.A. Moreover, to the extent Mr. Hall contends that the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et seq., is unconstitutionally vague as applied to non-licensed medical professionals like himself, he is wrong. See e.g., United States v. Deboer, 966 F.2d 1066, 1068-69 (6th Cir. 1992) (denying a void-for-vagueness challenges to the CSA because a pharmacist's responsibilities giving rise to unlawful conduct was "clearly defined"). Thus, the Indictment is not insufficient for vagueness.

### III.  CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Mr. Hall's Motion to Dismiss Indictment [38] be **DENIED**.

**SO RECOMMENDED**, this 18th day of February, 2020.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE